IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,            :

                               :      ID No. 1509002964

                               :      In and for Kent County

                               :

      v.                     :

                               :

TAQUEN G. OWENS,        :

                               :

         Defendant.      :

                               :

## ORDER

On this 28th day of June 2016, having considered Defendant Taquen Owens' (hereinafter "Owens'") Motions to Suppress Evidence and the State of Delaware's (hereinafter "State's") response it appears that:

1. Defendant Taquen Owens ("Owens") moves to suppress evidence claiming that the affidavits supporting wiretaps of the 302-233-4375 ("4375"), 954-809-4794 ("4794"), and 904-495-8851 ("8851") lines contained falsehoods or omissions. Owens seeks hearings pursuant to *Franks v. Delaware*[1] to examine facts underlying the statements in the various affidavits. Specifically, Defendant argues that the 4375, 4794, and 8851 wiretap warrants should be voided because their affidavits contained intentional falsehoods or omitted information in reckless disregard of the truth, which invalidates the showing of probable cause and necessity for a wiretap. The State counters that the information in the affidavits are sufficient to establish probable cause and necessity and that, at worst, any false information was due to mere negligence and

---

[1] *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

not a reckless disregard for the truth. For the reasons set forth below, Owens' motions for an evidentiary hearing based on *Franks* is **DENIED**.

2. The Affidavits and their contents are discussed fully in the consolidated opinion regarding multiple motions to suppress in this case, submitted by a number of the defendants.[2] The facts recited in the Affidavits and background, discussed in detail in that Opinion and Order will not be repeated here, but were considered by the Court in deciding this Motion. Owens requested a *Franks* evidentiary hearing in his motion that also attacked the four corners of the various affidavits. Owens also filed a separate motion focused only on the 8851 warrant. In that separate motion, he did not cite *Franks* but the language in that motion can only fairly be read to request a *Franks* or reverse-*Franks* hearing.

3. At the outset, Defendant Owens' request for an evidentiary hearing for the 4375 and 4794 Affidavits must be denied. As discussed in the consolidated Opinion and Order, Defendant Owens does not sufficiently allege standing to challenge the 4375 or 4794 wiretap applications because he does not even allege a personal privacy interest in those lines, or that he a person aggrieved by the wiretap of those two lines. For this reason, Defendant Owens' motion for an evidentiary hearing regarding the 4375 and 4794 warrants is **DENIED.**[3]

---

[2] *State v. Felton, et al.*, ID No. 1510017422 (Del. Super. June 22, 2016).

[3] Even if Owens had standing to challenge these warrants, he has not made the substantial showing required to justify an evidentiary hearing. The standard for justification of an evidentiary hearing is described in the Order denying co-Defendant James Smith's motion for *Franks* hearings. Independent of Owens lack of standing regarding these two warrants, he sets forth no facts, via affidavit, or otherwise, supporting the request with the specificity required to make a substantial showing. Finally, for the additional reasons discussed in the separate Order denying Defendant James Smith's request for a *Franks* hearing, Owens motion regarding the 4375 and 4794 wiretaps would also be denied.

4. The Court set forth the standards applicable to this motion in the Order denying Defendant James Smith request for *Franks* hearings.[4] Defendant Owens cites *Rivera v. State*, arguing that a search warrant will be suppressed if a defendant shows by the preponderance of the evidence that the police knowingly and intentionally, or with reckless disregard for the truth, omitted information from the search warrant affidavit that was material to a finding of probable cause.[5] Defendant argues that the State discovered that they obtained a search warrant under what he claims was an intentional or reckless falsehood - that the number belonged to Lovett rather than Owens, the true owner of the line. Upon discovering that the 8851 phone line did not belong to Lovett, Owens asserts that the police were obligated to obtain a new search warrant. Furthermore, Owens argues that the 8851 wiretap warrant was not based on probable cause since it was based on the false premise that the phone number belonged to Lovett.

5. Here, Defendant Owens does not establish by a preponderance of the evidence, that the police knowingly, intentionally, or with reckless disregard for the truth, omitted information material to a finding of probable cause. He merely alleges that there was a false premise that the 8851 phone line belonged to Lovett in the wiretap application and that the State was reckless in so stating. Owens does not provide any supporting reasons or articulate any facts contributing to this allegation. As the Superior Court held in *State v. Brinkley*, a request for an evidentiary hearing will be denied if the allegations are merely conclusory or are generic statements.[6]

---

[4] *State v. James M. Smith*, ID. No. 1509006076 (Del. Super. June 27, 2016).

[5] *Rivera v. State*, 7 A.3d 961 (Del. 2010).

[6] *State v. Brinkley et al*, I.D. No. 1412017874, at *18 (Del. Super. Nov. 18, 2015).

Defendant Owens' allegations, unsupported by any substantial proffer, are generic and conclusory and are not sufficient to grant an evidentiary hearing. Furthermore, claims of negligence or innocent mistakes are insufficient, and a mistaken identity as to the owner of a phone line that was otherwise clearly shown to be involved in drug activity, was an innocent mistake, or negligent at worst. The burden is on the Defendant to establish by a preponderance of the evidence that there was a material omission made knowingly, intentionally, or with reckless disregard for the truth. Defendant Owens has not met the burden of making the substantial preliminary showing necessary, and therefore, his motion for an evidentiary hearing as to the 8851 wiretap is **DENIED**.

    **IT IS SO ORDERED**.

                                /s/Jeffrey J Clark
                                     Judge